**SANDERS LAW GROUP**
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 123875

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| Damion Reid, | |
| Plaintiff, | Case No: |
| v. | **COMPLAINT** |
| Lance Stephenson, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Damion Reid ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against Defendant Lance Stephenson ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and owns the rights to these photographs which Plaintiff licenses for various uses including online and print publications.

3. Defendant owns and operates a social media account with the name of "stephensonlance" on Instagram (the "*Account*").

4. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's photographs on the Account and engaged in this misconduct

knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Damion Reid is an individual who is a citizen of the State of New York and maintains a principal place of business at 123-28 220th Street, Laurelton, Queens in New York City, New York.

6. Upon information and belief, Defendant Lance Stephenson, is an individual who is a citizen of the State of Indiana and who resides at 7590 Hunt Country Lane, Zionsville in Boone County, Indiana and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Lance Stephenson because he is domiciled in Indiana.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Lance Stephenson resides in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff is a professional photographer by trade who is the legal and rightful owner of photographs which he licenses to online and print publications.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14. The Account is associated with Defendant.

15. Defendant has exclusive access to post on Defendant's Instagram Account.

16. Defendant exhibits promotional content on the Account, including but not limited to Plaintiff's Photographs, whereby Defendant increases his notoriety and prestige as a professional athlete and, upon information and belief, Defendant financially benefits from his use of the Account.

17. On March 16, 2008, Plaintiff Damion Reid authored a photograph of professional basketball player Lance Stephenson, as an adolescent, celebrating his team's victory in the 2008 Public Schools Athletic League ("*Photograph 1*"). A copy of Photograph 1 is attached hereto collectively as Exhibit 1 (*Exhibit 1-Photograph #1*).

18. Plaintiff applied to the USCO to register Photograph 1 on or about May 7, 2019 under Application No. 1-7673947678

19. Photograph 1 was registered by the USCO on May 7, 2019 under Registration No. VA 2-154-422.

20. On May 3, 2019, Plaintiff Damion Reid authored several photographs of professional basketball player Lance Stephenson, as an adolescent, in various celebratory instances, after Stephenson's victory in the 2008 Public School Athletic League ("Photograph 2-4"). Copies of each individual photograph are attached hereto collectively as Exhibit 1 (*Exhibit 1-Photograph #2-4*).

21. Plaintiff applied to the USCO to register Photograph 2 ,3, and 4 on or about July 25, 2019 under Application No. 1-7914879992

22. Photograph 2, 3, and 4 were registered by the USCO on July 25, 2019 under Registration No. VA 2-165-497.

23. On January 21, 2020, Plaintiff Damion Reid authored a photograph of professional basketball player Lance Stephenson in a verbal confrontation with another player during a basketball game ("*Photograph 5*"). A Copy of Photograph 5 is attached hereto collectively as Exhibit 1 *(Exhibit 1-Photograph #5)*.

24. Plaintiff applied to the USCO to register Photograph 5 on or about April 15, 2020 under Application No. 1-8740748167.

25. Photograph 5 was registered by the USCO on April 15, 2020 under Registration No. VA 2-203-940.

26. On May 6, 2019, Plaintiff observed Photograph 1, 2, 3, and 4 (hereinafter collectively "*Photographs*") on the Account. Copies of the screengrabs of the Account including each individual Photograph are attached hereto collectively as Exhibit 2.

27. Furthermore, Plaintiff observed Photograph 5 on the Account, subsequent to his initial discovery of the Infringements, via Instagram's "Stories" function in further violation of Plaintiff's rights.

28. A copy of Photograph 1 was displayed on Defendant's Instagram Account at www.instagram.com at URL: https://www.instagram.com/p/BxBSrz5gX-M (*Exhibit 2-Infringement #1*).

29. A copy of Photograph 2 was displayed on Defendant's Instagram Account at www.instagram.com at URL: https://www.instagram.com/p/BxBSrz5gX-M/ (*Exhibit 2-Infringement #2*).

30. A copy of Photograph 3 was displayed on Defendant's Instagram Account at

4
PLAINTIFF'S COMPLAINT

www.instagram.com at URL: https://www.instagram.com/p/BxBSrz5gX-M/ and at URL: https://www.instagram.com/stephensonlance/?hl=en (*Exhibit 2-Infringement #3-4*).

31. A copy of Photograph 4 was displayed on Defendant's Instagram Account at www.instagram.com at URL: https://www.instagram.com/p/BxBSrz5gX-M/ (*Exhibit 2-Infringement #5*).

32. A copy of Photograph 5 was displayed on Defendant's Instagram Account at www.instagram.com (*Exhibit 2-Infringement #6*).

33. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed each of Plaintiff's copyright protected Photographs as are set forth in Exhibit "1" on the Account.

34. Upon information and belief, the Photographs were copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter singularly the "*Infringement*" and collectively the "*Infringements*").

35. Each Infringement, with the exception of Infringement #6, includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitute a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146, 1160 (9th Cir. 2007).

36. Each Infringement is a copy of the vast majority of Plaintiff's original image that was directly copied and stored by Defendant on the Account.

37. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photographs.

38. Upon information and belief, the Photographs were willfully and volitionally posted to the Account by Defendant.

39. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

40. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

41. Upon information and belief, Defendant monitors the content on its Account.

42. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

43. Upon information and belief, the Infringements increased traffic to the Account and, in turn, caused Defendant to realize an increase in his notoriety and applicable social media presence whereby Defendant's own prestige increased, expanding his professional opportunities and financially benefiting Defendant.

44. Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Account.

45. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

46. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

47. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

48. Plaintiff repeats and incorporates by reference the allegations contained in the

Case 1:22-cv-00205-JRS-MKK   Document 1   Filed 01/27/22   Page 7 of 9 PageID #: 7

preceding paragraphs, as though set forth in full herein.

49. The Photographs are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

50. Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

51. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

52. Defendant's reproduction of the Photographs and display of the Photographs on the Account constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

53. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

54. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

55. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

**JURY DEMAND**

56. Plaintiff hereby demands a trial of this action by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a. finding that Defendant infringed upon Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

    e. for pre judgment interest as permitted by law; and

    f. for any other relief the Court deems just and proper.

DATED: January 27, 2022

                                        **SANDERS LAW GROUP**

                                        By:   */s/ Craig B. Sanders*
                                        Craig B. Sanders, Esq.
                                        100 Garden City Plaza, Suite 500

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 123875
*Attorneys for Plaintiff*

PLAINTIFF'S COMPLAINT