UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAMION REID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00205-JRS-MKK |
| | ) | |
| LANCE STEPHENSON, | ) | |
| | ) | |
| Defendant. | ) | |

**Order on Default Judgment**

Plaintiff brought this action for copyright infringement of five photographs on January 27, 2022. (ECF No. 1.) Defendant Lance Stephenson has failed to plead or otherwise defend this action. Following the Clerk's Entry of Default, (ECF No. 11), Plaintiff filed a Motion for Default Judgment, (ECF No. 21), which is now before the Court.[1]

**I. Background**

Plaintiff, Damion Reid, is a professional photographer, who on March 16, 2008, authored a photograph of Defendant celebrating his high school team's victory ("Photograph 1"). (ECF No. 1 at 2–3.) Later, on May 3, 2019, Plaintiff authored several photographs of Defendant related to the 2008 victory ("Photographs 2, 3, and 4"). (*Id.* at 3.) Defendant owns and operates a social media account on Instagram. (*Id.* at 1.) On May 6, 2019, Plaintiff discovered that Defendant had posted exact

---

[1] Plaintiff subsequently filed a Motion to Correct Scrivener's Error in Plaintiff's Motion for Default Judgment, (ECF No. 25), which the Court granted, (ECF No. 26).

copies of Photographs 1, 2, 3, and 4 on his account. (*Id.* at 4.) The following day, Plaintiff registered Photograph 1 with the United State Copyright Office ("USCO"). (ECF No. 22-6). Photographs 2, 3, and 4 were registered with the USCO on July 25, 2019. (ECF No. 22-7.)

In January 2020, Plaintiff authored a photograph of Defendant confronting another player during a basketball game ("Photograph 5"). (ECF No. 1 at 4.) Thereafter, Defendant posted Photograph 5 to his account. (*Id.*) On April 15, 2020, Plaintiff registered Photograph 5 with the USCO. Plaintiff asserts he did not assign any of his exclusive rights in the Copyrights to Defendant, nor did he authorize Defendant to use the Photographs. (ECF No. 1 at 7.)

The Court has subject matter jurisdiction under 28 U.S.C. § 1338(a) because the action arises under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*. Since Defendant is an Indiana Citizen, the Court has personal jurisdiction. (*Id.* at 2; *see Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 925 (2011).) Plaintiff now seeks a default judgment and (1) actual and statutory damages under 17 U.S.C. §504(c), and (2) costs, including attorney's fees, under 17 U.S.C. § 505. (ECF No. 1 at 7.)

## II. Liability

"A default judgment establishes, as a matter of law, that defendants are liable to plaintiff[s] on each cause of action alleged in the complaint." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). Thus, the Court must assess whether Defendant is liable for copyright infringement based on the facts alleged. A plaintiff must establish two

2

elements to allege copyright infringement: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). On default, the well-pleaded "allegations of the complaint relating to liability are taken as true." *Wehrs*, 688 F.3d at 892.

Plaintiff has established the first element, ownership of a valid copyright, under the Copyright Act by registering his copyrights and providing certifications of those registrations. (17 U.S.C. §410(c); *see also* ECF No. 22-6; ECF No. 22-7; ECF No. 22-8.)

The second element, copying, consists of two inquiries: first, "whether, as a factual matter, the defendant copied the plaintiff's protected work (as opposed to independently creating a similar work)," and second, "whether the copying 'went so far as to constitute an improper appropriation.'" *Design Basics, LLC v. Signature Constr., Inc.*, 994 F.3d 879, 887 (7th Cir. 2021) (citation omitted). Here, Plaintiff has met his burden in showing that an ordinary reasonable person would conclude the two works, i.e., his Photographs and those posted by Defendant, are "so similar that copying is a better explanation for the similarities than pure coincidence." *Id.* at 888. Given the Photographs are identical to Defendant's posts, Plaintiff has also successfully shown that Defendant "took enough of his protected expression . . . to constitute unlawful appropriation of his expressive work." *Id.* at 887.

Accordingly, Defendant is adjudged liable of copyright infringement under 17 U.S.C. § 501.

### III.  Remedies

Having found Defendant liable for copyright infringement, the Court next turns to Plaintiff's remedies.  Although the Court must accept the allegations of a complaint relating to liability as true, "damages must be proved unless they are liquidated or capable of calculation."  *Wehrs*, 688 F.3d at 892.  Accordingly, a hearing will be required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits."  *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (citation omitted).  In this case, based on the supplementary facts provided by Plaintiff in detailed declarations and documents, the Court does not find that a damages hearing is necessary.

The Copyright Act states that an infringer of a copyright is liable either for (1) the copyright owner's actual damages or (2) statutory damages.  17 U.S.C. § 504(a).  Statutory damages are limited to only those works that were registered before the infringement or within three months after the first publication of the work.  17 U.S.C. § 412.  Statutory damages must be between $750 and $30,000 per infringing work, but it is within the court's "wide" discretion to determine the reasonable statutory damages award within this range.  *Broad. Music, Inc. v. Star Amusements, Inc.*, 44 F.3d 485, 488 (7th Cir. 1995).  But in cases where the court finds the infringement was committed willfully, the statutory damages maximum increases to $150,000 per work.  17 U.S.C. § 504(c)(2).  Courts thus consider whether infringement was willful

when awarding statutory damages at the default judgment stage. *See, e.g.*, *Kinsey v. Jambow, Ltd.*, 76 F. Supp. 3d 708, 711–12 (N.D. Ill. 2014).

A defendant's infringement is willful when he "knows that [his] conduct is an infringement or if the infringer has acted in reckless disregard of the copyright owner's right." *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 512 (7th Cir. 1994). As other courts in this jurisdiction have held previously, however, willfulness need not be found in a case like this since Plaintiff "requests statutory damages well under $30,000.00 per violation." *See e.g.*, *Bell v. Dunn*, No. 1:13-cv-00035-TWP-DKL, 2014 WL 2757528, at *1 (S.D. Ind. June 17, 2014); *Bell v. McLaws*, No. 1:13-cv-00035-TWP-DKL, 2015 WL 751737, at *2 (S.D. Ind. Feb. 23, 2015). In other words, while a finding of willfulness provides additional reasoning to increase a statutory damage award, it is not necessary when the requested award, as here, is well within the standard statutory range.

Plaintiff seeks compensation for Photographs 2 through 5 in statutory damages, amounting to $12,000 total, or $3,000 per violation. In determining statutory damages, the court may consider numerous factors including, but not limited to, "the revenue lost by the copyright holder" and "the deterrent effect on the infringer and third parties." *Bell v. Dunn*, 2014 WL 2757528 at *1. The Court also considers the need to promote an artist's rights and deter stealing of creative works. *Bell v. KG Am. Real Est. Holdings, LLC*, No. 1:15-cv-01423-JMS-DML, 2016 WL 7971721, at *3 (S.D. Ind. Sept. 16, 2016) (noting that "infringers will not be deterred if the copyright owner's suit results in a price for unlawful behavior that is still minor in comparison

5

to the price of lawful behavior"). The statutory damage award is thus not necessarily the estimated licensing fee of the copyrighted work. The court in *Bell v. Dunn*, for instance, found that a default judgment awarding $2,500 was just even though the photograph's licensing fee was only $200; there, the defendant had been notified of his infringement and chose to ignore the lawsuit. 2014 WL 2757528 at *1. Here, Plaintiff has shown the estimated licensing fee for each photograph to be $1,000, (ECF No. 22-5 at 4), and notified Defendant of his infringement by way of his agent and mother, (ECF No. 22 at 2; ECF No. 22-4 at 1–3). Plaintiff goes on to request $3,000 per Photograph ($12,000 total), (ECF No. 22 at 11), which this Court finds is at the low end of the statutory range, just, reasonable, and consistent with the Copyright Act and with other default judgments issued in this jurisdiction.

Given Photograph 1 was not registered before the infringement or within three months after the work's first publication, Plaintiff requests compensation of $1,000 for Photograph 1 in actual damages. Determining actual damage to the Plaintiff arising from Defendant's posting of Photograph 1 to his account would be difficult to quantify. There is no readily apparent damage from displaying a copyrighted work owned by another aside from the licensing fee itself, so Defendant's request for $1,000 in actual damages for Photograph 1, equivalent to the estimated licensing fee, is ascertainable and reasonable.

Plaintiff lastly seeks $10,475 in attorney's fees and $559.50 in costs. The Copyright Act states that "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." 17

6

U.S.C. §505. Additionally, "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." *Id.* Seventh Circuit precedent and persuasive district court cases support that the amount of attorney's fees awarded need not be proportional to statutory damages. *Int'l Korwin Corp. v. Kowalczyk*, 855 F.2d 375, 383–85 (7th Cir. 1988) (affirming the district court's award of $21,500 in attorney's fees to a plaintiff who was awarded $4,500 in statutory damages for willful copyright infringement); *see also Rockford Map Publishers, Inc. v. Directory Serv. Co. of Col., Inc.*, 768 F.2d 145, 150 (7th Cir. 1985) (noting that although Plaintiff recovered only $250 in statutory damages for copyright infringement, attorneys fees and costs of approximately $22,000 was appropriate); *Martin v. City of Indianapolis*, 28 F. Supp. 2d 1098, 1106–07 (S.D. Ind. 1998) (awarding Plaintiff $20,000 in statutory damages and $131,252.55 in attorney's fees). Here, Plaintiff has adequately provided evidence of attorney's fees and costs, including a declaration by Plaintiff's counsel with the total fees/costs accrued and hours worked (28.6) in this matter. (ECF No. 22-4 at 4.) The Court finds these costs and attorney's fees to be reasonable.

## IV. Conclusion

For the aforementioned reasons, Plaintiff's Motion for Default Judgment, (ECF No. 21), is **granted**. The Court **orders** that Defendant shall pay Plaintiff $12,000.00 in statutory damages, $1,000.00 in actual damages, and $11,034.50 in attorney's fees and costs for a total of **$24,034.50**. Final judgment shall enter separately.

**SO ORDERED.**

Date: _7/17/2023_

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution to all counsel of record via CM/ECF and by US Mail to:

LANCE STEPHENSON
7590 Hunt Country Lane
Zionsville, IN 46077